UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTI BIGGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:22-cv-00162-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Christi Bigger appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF 1). Bigger filed her opening brief on November 6, 2022, and the Commissioner timely filed a response on January 11, 2023. (ECF 18 to ECF 21). Bigger did not file a reply brief, and her time to do so has now passed. (*See* ECF 20). Therefore, the matter is ripe for ruling.

For the following reasons, the Commissioner's final decision will be AFFIRMED.

**I. FACTUAL AND PROCEDURAL HISTORY**

Bigger applied for DIB and SSI in August 2020, alleging disability as of March 21, 2015, which she later amended to August 5, 2019. (ECF 14 Administrative Record ("AR") 15, 331-37).[1] Bigger's claim was denied initially and upon reconsideration. (AR 156-97, 215-20). On December 2, 2021, administrative law judge ("ALJ") William Pierson conducted an

---

[1] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

administrative hearing (AR 52-127), and on January 26, 2022, rendered an unfavorable decision to Bigger, concluding that she was not disabled because she could perform a significant number of jobs in the national economy despite the limitations caused by her impairments (AR 15-34). The Appeals Council subsequently denied Bigger's request for review (AR 6-10), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1981.

Bigger filed a complaint with this Court on May 13, 2022, seeking relief from the Commissioner's decision. (ECF 1). Bigger advances just one argument on appeal: whether the ALJ's decision "is fatally defective because no findings were based upon a preponderance of the evidence per regulation 20 C.F.R. [§] 404.953." (ECF 18 at 4, 11 (bold emphasis omitted)).

On the date of the ALJ's decision, Bigger was forty-nine years old (AR 331); had an eleventh-grade education, receiving special education due to a learning disability (AR 395); and had past relevant work experience as a fast foods worker and cashier (AR 32, 65-66, 396). In her application, Bigger alleged disability due to a learning disability, attention-deficit/hyperactivity disorder (ADHD), bipolar disorder, anxiety, depression, obsessive-compulsive disorder (OCD), and chronic back pain. (AR 394).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)

(citation and quotation marks omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (citations omitted). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB or SSI must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also id.* §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed in substantial gainful activity, (2) whether she has a severe impairment, (3) whether

her impairment is one that the Commissioner considers conclusively disabling, (4) whether she is incapable of performing her past relevant work, and (5) whether she is incapable of performing any work in the national economy.[2] *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520, 416.920. "[A]n affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (citation omitted). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.* (citation omitted). The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868.

### B. The Commissioner's Final Decision

On January 26, 2022, the ALJ issued a decision that ultimately became the Commissioner's final decision. (AR 15-34). At step one of the five-step analysis, the ALJ found that while Bigger had worked after her amended alleged onset date of August 5, 2019, such work did not rise to the level of substantial gainful activity. (AR 18). At step two, the ALJ found that Bigger had the following severe impairments: "polysubstance abuse/stimulant abuse, cocaine abuse, borderline personality disorder–very recent diagnosis, unspecified anxiety disorder, bunions and residuals of bunionectomy, 75-82 degree kyphotic deformity T4-12 and Scheuermann's kyphosis, and lumbar sway back deformity/hyperlordosis." (*Id.* (bold emphasis and citation omitted)).

At step three, the ALJ concluded that Bigger did not have an impairment or combination of impairments severe enough to meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix

---

[2] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks she can do despite her limitations. 20 C.F.R §§ 404.1520(e), 404.1545(a), 416.920(e), 416.945(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. *Id.* §§ 404.1520(e), 416.920(e).

1. (AR 19). The ALJ assigned Bigger the following RFC:

> [T]he claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except is limited to lifting, carrying, pushing and pulling 10 pounds frequently and occasionally throughout the work day. The claimant can sit at least six hours in an eight hour work day and stand and/or walk four hours in an eight hour work day. The claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can occasionally use ramps and stairs. Aside from use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid working upon wet and slippery surfaces. The claimant can perform the balance required of such activities. The claimant should avoid work within close proximity to open and exposed heights and open and dangerous machinery such as open flames and fast moving exposed blades. The claimant should avoid work involving concentrated exposure to vibration such as using heavy sanders. The claimant is unable to perform complex tasks. The claimant can perform simple, routine tasks and instructions throughout the workday. The tasks contemplated are SVP 1 and 2 type tasks that can be learned within a short period through short demonstration, or when beyond short demonstration, within up to 30 days. The tasks may be as simple and mundane of a task such as taking and packing the same item all day every day, or a task that is simple in nature but completed before moving to the next task, such as picking up one item, inspecting it for a flaw-such as a bur, and placing it into piles or boxes all day every day, or such as vacuuming, then emptying trash cans and then dusting, in one office or room before moving to the next office or room. Essentially, the type of tasks remain the same from day to day. The claimant can engage in the superficial interaction with supervisors, coworkers and the public in a manner consistent with SVP 1 and 2 type tasks in which prolonged and intense conversation is not needed for task completion. Casual and occasional conversation can take place if the claimant so desires and if the employer allows. Workplace changes should be gradual and expected. The claimant can respond or adapt to the changes, cope with the stress and engage in the decision making required of such tasks. With such limitations in place, the claimant can maintain the concentration, persistence, adaptation and even the pace required of such tasks for two-hour increments, and for eight hour work days within the confines of normal work place breaks and lunches on a sustained day to day basis.

(AR 25-26 (bold emphasis omitted)).

The ALJ determined at step four that given this RFC, Bigger could not perform her past relevant work. (AR 32). However, at step five the ALJ found that Bigger could perform a significant number of unskilled, sedentary jobs in the national economy, including circuit board

assembler, address clerk, final assembler, and surveillance systems monitor. (AR 33). Therefore, Bigger's applications for DIB and SSI were denied. (AR 33-34).

## C. The Preponderance of the Evidence Standard

Bigger's sole argument on appeal is that the ALJ's decision is "fatally defective because no findings were based upon a preponderance of the evidence per regulation 20 C.F.R. [§] 404.953." (ECF 18 at 11 (bold emphasis omitted)). Bigger's argument is unavailing.

To explain, 20 C.F.R. § 404.953(a) provides: "The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision. The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record." *See also* 20 C.F.R. § 416.1453(a). "Preponderance of the evidence means such relevant evidence that as a whole shows that the existence of the fact to be proven is more likely than not." 20 C.F.R. §§ 404.901, 416.1401; *see Frederick B. v. Kijakazi*, No. 1:22cv171, 2023 WL 2966539, at *3 (N.D. Ind. Apr. 17, 2023); *see also Gildon v. Astrue*, 260 F. App'x 927, 929 (7th Cir. 2008) ("Under [the preponderance of the evidence] standard, Gildon was required to show that it is more likely than not that she is suffering from a continuous, severe impairment that began in the relevant period." (citation omitted)).

Thus, Bigger is indeed correct that "[t]he agency's regulations and [Hearings Appeals and Litigation Law Manual (HALLEX)] require that the ALJ 'base' [his] decision on the preponderance of the evidence standard . . . ." *Frederick B.*, 2023 WL 2966539, at *3 (citing 20 C.F.R. § 404.953; HALLEX 1-3-3-4); *see Gildon*, 260 F. App'x at 929 ("[W]e have said that the preponderance of the evidence standard applies in social security cases." (collecting cases)). But what Bigger fails to acknowledge is that "[t]he agency's regulations and HALLEX . . . do not

6

require that the ALJ expressly cite to [the preponderance of the evidence] standard in [his] decision." *Frederick B.*, 2023 WL 2966539, at *3 (citations omitted) (finding no basis to remand on the plaintiff's preponderance-of-evidence argument). Consequently, Bigger's proffered conclusion that the "regulation was not followed" because "the decision is silent on [the preponderance of the evidence standard]" overreaches. (ECF 18 at 13); *see Jennifer W. v. Kijakazi*, No. 1:22cv119, 2023 WL 1464387, at *4 (N.D. Ind. Feb. 2, 2023) ("Plaintiff apparently reads [20 C.F.R. § 404.953] as requiring the ALJ to include the words 'preponderance of the evidence' in the decision. There is no such requirement in the regulation.").

"A 'preponderance' is simply a greater weight. Obviously, the ALJ found greater weight on the side of 'not disabled' than to the side of 'disabled', as the decision denies benefits . . . ." *Jennifer W.*, 2023 WL 1464387, at *4. "There is nothing in the decision that suggests that the ALJ was requiring [Bigger] to prove her disability beyond a reasonable doubt or by clear and convincing evidence." *Id.* In fact, Bigger "has not argued otherwise, but has simply assumed that the ALJ did not use the preponderance of the evidence standard when weighing the evidence." *Id.* (rejecting the same preponderance-of-the-evidence argument, stating that "[t]his Court will not entertain such an unfounded assumption."). That is not enough.

This Court's review of the ALJ's decision "as a whole, demonstrates he applied the appropriate preponderance standard" and did not hold Bigger "to a higher standard than is dictated by the regulations." *Randall M. v. Berryhill*, No. 18-cv-2101, 2019 WL 2473829, at *6 (N.D. Ill. June 13, 2019). Consequently, given that Bigger does not challenge any of the ALJ's specific findings, the Commissioner's final decision will be AFFIRMED. *See generally Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe

that the remand might lead to a different result." (collecting cases)).

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The Clerk is DIRECTED to enter a judgment in favor of the Commissioner and against Bigger.

SO ORDERED.

Entered this 8th day of June 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge
